UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIRTHA GARCIA,

Plaintiff,

vs.  Case No.:

REVENUE RECOVERY CORPORATION,
d/b/a REVENUE RECOVERY CORPORATION I,

Defendant.
_____/

## COMPLAINT

1. Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

### JURISDICTION

2. Jurisdiction of this Court arises under 28 U.S.C. § 1331, §1337, and §1367, and pursuant to 15 U.S.C. § 1692 et seq. ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

3. This action arises out of Defendant's violations of the FDCPA and FCCPA, in its illegal effort to collect a consumer debt from Plaintiff.

4. Venue is proper in this District because the acts and transactions occurred here, Plaintiff resides here, and Defendant transacts business here.

1

## PARTIES

5. Plaintiff, Mirtha Garcia, is a natural person who resides in the City of Miami, County of Miami-Dade, State of Florida, and is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

6. Defendant Revenue Recovery Corporation, d/b/a Revenue Recovery Corporation I (hereinafter "Revenue Recovery"), a Tennessee company, is a collection agency operating from an address of 7005 Middlebrook Pike, Knoxville, TN 37909, and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

7. Revenue Recovery regularly uses the mail and telephone in its business, the principal purpose of which is the collection of debts.

8. Revenue Recovery regularly collects or attempts to collect debts for other parties.

9. Revenue Recovery is a "debt collector" as defined in the FDCPA and FCCPA.

10. Revenue Recovery was acting as a debt collector with respect to the collection of Plaintiff's alleged debt.

## FACTUAL ALLEGATIONS

11. Plaintiff incurred a financial obligation that was primarily for personal, family, or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5) and Florida Statute §559.55(1).

12. Sometime thereafter, the debt was consigned, placed or otherwise transferred to Defendant for collection from this Plaintiff.

13. Defendant sought to collect from Plaintiff an alleged debt arising from transactions that were primarily for personal purposes, specifically, a personal credit card debt.

14. Within 5 days of its initial communication with Plaintiff, Defendant failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

15. Defendant has failed to provide any documentation detailing the purchases, payments, interest, and late charges, if any, thereby making it impossible for Plaintiff to determine whether or not she owes the alleged debt and whether the alleged debt was correctly calculated. Further, Defendant has failed to send a letter to Plaintiff notifying her of her rights and privileges under the law.

16. The Defendant did not provide Plaintiff with written notice of assignment from creditor, within 30 days after the assignment.

## COLLECTION CALLS

17. In or about the months of May and June 2014, Revenue Recovery's collectors contacted Plaintiff by telephone, on more than one occasion, in efforts to collect this debt, which was a "communication" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2) and Florida Statute § 559.55(5).

18. During these calls, Defendant left the following pre-recorded voicemail messages for Plaintiff on her voicemail on or about the dates stated, with the attempt to harass Plaintiff, and failed to identify itself as a debt collector:

(786) 453-0584  05/29/14 1:20 pm

Mirtha Garcia, we have received a formal complaint against your name and social security number. We would like to obtain a statement of intent from you regarding 7083202. Please contact 855-244-7206 as soon as possible.

(786) 453-0584  06/02/14 10:45 am

Mirtha Garcia, we have received a formal complaint against your name and social security number. We would like to obtain a statement of intent from you regarding 7083202. Please contact 855-244-7206 as soon as possible.

19. Defendant's pre-recorded voicemail messages imply the existence of a pending lawsuit against the Plaintiff. The messages also suggest that the lawsuit is linked to her social security number, and Plaintiff's reasonable use of same. In addition, these voicemail messages

contained legal overtones by expressing Defendant's desire to obtain a statement of intent from the Plaintiff regarding what appears to be a case number: 7083202. These calls deceptively suggest that legal suit had been filed, when in fact none had been filed at all.

## SUMMARY

20. All the above-described collection communications made to Plaintiff by Defendant, and its collection employees, were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692d(6), and 1692e(11), as well as violations of FCCPA. During its collection communications, Defendant and the individual debt collectors employed by Revenue Recovery failed to provide Plaintiff with the notice required by 15 U.S.C. § 1692d(6), and 1692e(11), amongst others.

21. Defendant left voicemail messages for Plaintiff suggesting that legal action had already been filed. The messages indicate that a formal complaint had been received by Defendant linked to Plaintiff's name and social security number. The messages also indicate that Defendant needed a statement of intent from the Plaintiff and in so doing, also provided a case number. These messages suggest the existence of a pending lawsuit against the Plaintiff, and its adverse effect on Plaintiff's reasonable use of her social security number and negative impact on her credit rating. These prerecorded messages are deceptive and were left in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13), as well as Florida Statutes §559.72(5), §559.72(10), and §559.72(12), as well as violation of the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 et seq. ("FCCPA").

22. Defendant's conduct, as detailed above, of harassing Plaintiff in an effort to collect this debt, constitutes violations of numerous and multiple provisions of the FDCPA and FCCPA, as stated herein. Defendant willfully or knowingly violated FDCPA and FCCPA.

## TRIAL BY JURY

23. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable. U.S. Const. amend. 7. Fed.R.Civ.P.38.

## CAUSES OF ACTION

## COUNT 1

## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692 et seq.

24. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

25. The foregoing acts and omissions of the Defendant and its agents constitute numerous and multiple violations of the FDCPA including, but not limited to, each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

26. As a result of the Defendant's violations of the FDCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1692k(a)(3), from the Defendant herein.

## COUNT 2

## FAILURE TO DISCLOSE STATUS AS A DEBT COLLECTOR
## 15 U.S.C. § 1692e

27. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

28. Defendant failed to disclose in the telephone messages that it is a debt collector in violation of 15 U.S.C. 1692e(11).

## COUNT 3

### FAILURE TO MAKE MEANINGFUL DISCLOSURE OF IDENTITY
### 15 U.S.C. § 1692d

29. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

30. Defendant placed telephone calls to Plaintiff without making meaningful disclosures of its identity when it failed to disclose that it was a debt collector, and the purpose of Defendant's communications in the telephone messages in violation of 15 U.S.C. 1692d(6).

## COUNT 4

### FALSE OR MISLEADING REPRESENTATIONS IN COMMUNICATIONS
### 15 U.S.C. § 1692(e)

31. Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

32. Defendant left voicemail messages for Plaintiff suggesting that it had or would proceed with legal action, in violation of multiple provisions of FDCPA, including but not limited to, 15 U.S.C. § 1692(e), namely 15 U.S.C. § 1692e(2), 15 U.S.C. § 1692e(3), 15 U.S.C. § 1692e(5), and 15 U.S.C. § 1692e(13).

33. Defendant violated § 1692e of the FDCPA by the foregoing acts.

34. Defendant used false, deceptive, and misleading representations or means in connection with debt collection, and in so doing, failed to comply with FDCPA, specifically 15 USC 1692e.

## COUNT 5

## HARRASMENT OR ABUSE
## 15 U.S.C. § 1692(d)

35. Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

36. Defendant engaged in conduct with the natural consequence of which was to harass, oppress, or abuse Defendant, when Defendant misrepresented that a complaint was in the process of being filed or had otherwise been filed.

37. Defendant also left voicemail messages displaying abusive language, with the natural consequence of which was to harrass, oppress, or abuse Defendant.

38. By the foregoing acts, Defendant violated numerous provisions of FDCPA, including but not limited to 15 U.S.C. 1692(d), namely § 1692d(2) and § 1692d(6).

## COUNT 6

## VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. § 1692g

39. Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

40. Defendant violated § 1692g of the FDCPA by failing to send written notification, within five (5) days after its initial communication with Plaintiff, advising Plaintiff of her rights to dispute the debt or request verification of the debt.

41. Defendant acted in an otherwise deceptive, unfair and unconscionable manner and failed to comply with the FDCPA.

7

## COUNT 7

### VIOLATION OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT
### FLORIDA STATUTE §559.55 et seq. ("FCCPA")

42. Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

43. The foregoing acts and omissions of the Defendant and its agents constitute violation of the FCCPA including Florida Statute § 559.715.

44. As a result of the Defendant's violations of the FCCPA, Plaintiff is entitled to statutory damages in an amount up to $1,000.00 pursuant to Florida Statute § 559.77(2), and reasonable attorney's fees and costs pursuant to § 559.77(2), from the Defendant herein.

## COUNT 8

### VIOLATION OF 553.72(12) OF THE FLORIDA
### CONSUMER COLLECTION PRACTICES ACT

45. Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

46. Defendant attempted to collect a debt by communicating with the debtor in a manner that gives the false impression or appearance that such person is or is associated with an attorney. The Defendant left a message for the Plaintiff requesting that she contact the office in order to provide a statement of intent. In addition, the messages falsely indicated that a formal complaint had been received against the Plaintiff, and that Defendant needed to obtain a statement of intent. These messages deceptively stated that there was a pending lawsuit against Plaintiff, when in fact none had been filed. Defendant's actions were done in violation of Florida Statute § 559.72(12), FCCPA.

## COUNT 9

### VIOLATION OF 559.72(10) OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

47.     Plaintiff incorporates by reference all of the above paragraphs 1 through 23 of this Complaint as though fully stated herein.

48.     Defendant attempted to collect a debt from Plaintiff by using communications that give the appearance of being authorized, issued, or approved by a government, governmental agency, or attorney at law. By leaving messages stating that a formal complaint had been filed against the Plaintiff and received at their office, coupled with Defendant's request for statement of intent, Defendant used communication that simulates in any manner legal or judicial process, in violation of Florida Statute § 559.72(10), FCCPA.

## COUNT 10

### VIOLATION OF §559.715 OF THE FLORIDA CONSUMER COLLECTION PRACTICES ACT

49.     Plaintiff incorporates by reference paragraphs 1 through 23 of this Complaint as though fully stated herein.

50.     The Defendant did not provide written notice of the assignment of the right to bill and collect the debt, within 30 days after the assignment.

51.     Florida Statute § 559.715 does not prohibit the assignment, by a creditor, of the right to bill and collect a consumer debt. <u>However, the assignee must give the debtor written notice of such assignment within 30 days after the assignment.</u> The Defendant did not provide Plaintiff with said notice.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment in favor of Plaintiff and against Defendant for:

a) Damages;

b) Reasonable attorney's fees and costs; and

c) Such further relief as this Court may deem appropriate.

PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against the Defendant.

Dated:  June 11, 2014						Respectfully submitted,

/s Monica Amor
LAW OFFICES OF MONICA AMOR, P.A.
Monica Amor, Esq.
E-mail: mamor@amorlaw.com
Florida Bar No: 0118664
6355 N.W. 36th Street, Suite 406
Virginia Gardens, Florida 33166
Telephone: (305) 526-8686
Facsimile:  (305) 526-1175
Attorney for Plaintiff